[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12413
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

Agency No. A079-497-439


STELLA ARENAS,
DANIELA RIZO,
EUGENIO RIZO,

                                                            Petitioners,

                        versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 23, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Stella Arenas seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[1]  Arenas's petition challenges whether substantial evidence supports the BIA's conclusion that she failed to demonstrate a nexus between her political opinion and her alleged persecution by the Revolutionary Armed Forces of Colombia (FARC).  After review, we deny the petition.[2]

We review the IJ's factual determinations under the substantial-evidence test.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).  We must "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id*. (citation omitted). "We view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).  Accordingly, "[t]o conclude the

---

[1]  We lack jurisdiction to review the denial of CAT relief because Arenas failed to present the issue to the BIA. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-51 (11th Cir. 2006).

[2]  We review both the IJ and BIA's decisions concerning nexus because the BIA adopted the IJ's reasoning with respect to the nexus determination. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (internal quotations omitted).

An applicant is eligible for asylum if she "can show that the persecution [was], at least in part, motivated by a protected ground." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007) (quotation and emphasis omitted). "The fact that the guerillas' actions are motivated by the guerillas' political belief is 'irrelevant' to the question of whether the alien was persecuted on account of the *alien*'s political belief." *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). Nevertheless, an asylum applicant can prove refugee status based on an imputed political opinion, whether correctly or incorrectly attributed to the applicant. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001).

In *Rodriguez Morales*, the petitioner, who was a dentist, was approached by members of the FARC who demanded that the petitioner join the FARC and provide dental services to their members. 488 F.3d at 887. The petitioner refused despite numerous threats on the petitioner's life. *Id.* On appeal, the petitioner argued the FARC had a "political motive" in persecuting him because they "wanted him to help in spreading their political views." *Id.* at 889, 891. We stated

such "evidence of the FARC's motive does not constitute evidence that the guerrillas persecuted him 'because of' *his* political opinion," and concluded the record did not compel the conclusion that the petitioner established a nexus between his political opinion and his persecution. *Id*. at 891 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)). Accordingly, mere refusal to cooperate or to provide services is insufficient to establish a nexus between persecution and a political opinion. *Id.*

In this case, substantial evidence supports the IJ's finding, adopted by the BIA, that no nexus existed between Arenas's political opinion and her alleged persecution. Arenas presented no evidence that the FARC was aware of her political opinions or that the FARC instructed her to stop any political activity. Rather, Arenas testified the FARC "wanted [her] to do [her] same job, but for their benefit," which she refused to do. Because the record does not compel a finding that the FARC targeted Arenas because of an imputed political opinion, the BIA properly denied her application for asylum.[3]

**PETITION DENIED.**

---

[3] Because Arenas failed to meet the burden to prove eligibility for asylum, the BIA properly denied Arenas's claim for withholding of removal. *See Al Najjar*, 257 F.3d at 1292-93 (noting that a petitioner's inability to meet the standard of proof for asylum generally precludes the petitioner from qualifying for withholding of removal).